Judge Robertson
delivered the opinion of the Court.
To an action on the case, for deceit in. the sale of ahorse, brought by Jarman against Daniel, the latter plead in bar, a former decree dismissing a bill in chancery, exhibited by Jarman against Daniel and Field and M’Clanahan his assignees, to enjoin the payment of the note given for the horse, and assigned to Field and M’Clanahan, for the fraud alleged to be committed in the sale of the horse.
To this plea, Jarman replied that the suit in chancery being for a recision of the contract, the bill was dismissed because the horse was retained by him, and had not been offered in a reasonable time to Daniel.
A demurrer to this replication was sustained, and. judgment rendered for Daniel.
We are inclined to think that the plea is defective. Its averments do not necessarily or by fair construction, show such facts as can enable the court to decide, on the face of the plea, that the decree should bar the suit at law.
If the bill was filed to rescind the contract, (as we suppose was the case,) and dismissed as it ought to hoff- been, because Jarman had not offered to return *199 the borgé, the decree could not operate as a bar to a suit for damages for the fraud. The record of this suit in,chan'cery is not made a part of this record; but was omitted by the agreement of the parties. Without the record of thé chancery suit, the plea cannot be sustained. For it is most probable that the bill was filed for a recision and was dismissed, for the reason assigned in the replication. The plea does not aver any thing inconsistent with this idea. We cannot place any other construction on the plea, unless we were compelled to do so, by the exhibition of a different state of case by the record.
If the bill was filed for the purpose of setting off the damages for the fraud, it could not have been sustained, and a dismission would not bar a suit for the deceit, but only render it the more necessary.
Unless the record had been exhibited, and had shown, (which is not to be presumed,) that the fraud was fully tried in the suit in chancery, we must infer that the suit was not tried on the merits, and did not present such a case as t© admit a decision on the fact of fraud or no fraud.
The replication, if true, avoids the effect of the plea, even if it Contain, as it does not, allegations sufficient to bar the action. As the parties have dispensed with the record of the suit in chancery, by their agreement, we must consider the demurrer to the replication, as admitting its averments. We cannot say that they contradict or are intended to supply the record. It is probable and almost certain, that the replication corresponds with the record; and there is nothing in the plea which would indicate the contrary.
On these facts, we must decide that the demurrer was improperly sustained.
Wherefore, the judgment is reversed and the cause remanded, for proceedings consistent with this opinion.
The defendant should have leave to plead over, so as to enable him to present the decree in such a manner, as to make the record of the chancery suit, directly and exclusively, the test of the question, whether *200 the dismission of the bill is, according to established principles, a bar to this suit.
Turner, for plaintiff; Caperton and Breck, for defendant.
If the charge of fraud was fully and properly tried in the suit in chancery, it cannot be again litigated. If it was not, or could not be tried, it may be tried in this suit. The record can alone determine this question.